**UNITED STATES DISTRICT COURT**
**DISTRICT NEW JERSEY**
---------------------------------------------------------X
BAO YU YANG,
on his own behalf and on behalf of others
similarly situated,

                       Plaintiffs,              Case No.: 2:19-cv-09392-KM-MAH

         v.                                     **AMENDED ANSWER AND**
                                            **AFFIRMATIVE DEFENSES**
TASTE OF NORTH CHINA, LTD
d/b/a Taste of North China;
NEW TASTE OF NORTH CHINA INC.
d/b/a Taste of North China;
NORTH CHINA RESTAURANT, INC.
d/b/a Taste of North China;
YONGBIN SUN,
QIMIN CAI,
JIANGUO ZHAO, and
"JOHN" WANG,

                       Defendants.
---------------------------------------------------------X

       Defendants New Taste of North China Inc., Qimin Cai, and Jianguo Zhao (collectively "Defendants"), by and through their undersigned attorneys, hereby provide their answer and affirmative defenses to the First Amended Complaint of Plaintiff Bao Yu Yang ("Plaintiff") and state as follows:

### AS TO "INTRODUCTION"

       1.     Defendants admits to the extent that Plaintiff filed this action under various federal and state statues but deny the remainder allegations contained in Paragraph 1 of the Complaint.

       2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

       3.     Defendants deny the allegations in Paragraph 3 of the Complaint and deny that the Plaintiff is entitled to any of the requested relief.

1

4.      Defendants deny the allegations in Paragraph 4 of the Complaint and deny that the Plaintiff is entitled to any of the requested relief.

### AS TO "JURISDICTION AND VENUE"

5.      Defendants state that Paragraph 5 of the Complaint asserts legal conclusions that do not require a response.

6.      Defendants state that Paragraph 6 of the Complaint asserts legal conclusions that do not require a response.

### AS TO "PLAINITFF"

7.      Defendants deny the allegations in Paragraph 7 of the Complaint.

### AS TO "DEFENDANTS"

*Corporate Defendants*

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 8 of the Complaint.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 9 of the Complaint.

10.      Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 10 of the Complaint.

11.      Defendants deny the allegations in Paragraph 11 of the Complaint.

12.      Defendants deny the allegations in Paragraph 12 of the Complaint.

13.      Defendants deny the allegations in Paragraph 13 of the Complaint.

14.      Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 14 of the Complaint.

15.    Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 15 of the Complaint.

16.    Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 16 of the Complaint.

### Owner/Operator Defendants

17.    Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 17 of the Complaint.

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 18 of the Complaint.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations in Paragraph 21 of the Complaint.

22.    Defendants admit the allegations in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations in Paragraph 23 of the Complaint.

24.    Defendants state that Paragraph 24 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations in Paragraph 24 of the Complaint.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

## AS TO "STATEMENT OF FACTS"

32.     Defendants deny the allegations in paragraph 32 of the Complaint. Further answering, Defendants deny that the existence of the "FLSA Collective Plaintiffs" or the "Class."

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants state that Paragraph 35 of the Complaint asserts legal conclusions that do not require a response.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint. Further answering, Defendants deny that they were under a legal obligation to provide "Time of Hire Notice."

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

*As to "Plaintiff Bao Yu Yang"*

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint. Further answering, Defendants deny that Plaintiff is entitled to relief under New York law.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

53.     The allegations in Paragraph 53 of the Complaint do not require an answer because they state legal conclusions. To the extent a further answer is deemed necessary, Defendants admit that Plaintiff purports to bring an action on behalf of himself and a purported putative class that he seeks to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class he seeks to represent are entitled to relief under any statute or law. Further answering, Defendants deny the remainder of the allegations contained in Paragraph 53 of the Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

54.     The allegations in Paragraph 54 of the Complaint do not require an answer because they state legal conclusions. To the extent a further answer is deemed necessary, Defendants admit that Plaintiff purports to bring an action on behalf of a purported putative class he seeks to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class he seeks to represent are entitled to relief under any statute or law. Further answering, Defendants deny the remainder of the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants admit that Paragraph 55 of the Complaint labels Plaintiff and the purported putative class he seeks to represent as the "Class," but otherwise deny the allegations in this Paragraph. Defendants specifically deny that this case warrants a Rule 23 class designation.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

*Numerosity*

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

*Commonality*

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

*Typicality*

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

*Adequacy*

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

*Superiority*

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 62 of the Complaint.

## AS TO "STATEMENT OF CLAIMS"

### COUNT I.

63.     Defendants repeat and reallege all paragraphs above as though fully set forth herein.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants state that Paragraph 65 of the Complaint asserts legal conclusions that do not require a response.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

### COUNT II.

67.     Defendants repeat and reallege all paragraphs above as though fully set forth herein.

68.     Defendants state that Paragraph 68 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the rest of the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants state that Paragraph 71 of the Complaint asserts legal conclusions that do not require a response.

### COUNT III.

72.     Defendants repeat and reallege all paragraphs above as though fully set forth herein.

73.     Defendants state that Paragraph 73 of the Complaint asserts legal conclusions that do not require a response.

74.     Defendants state that Paragraph 74 of the Complaint asserts legal conclusions that do not require a response.

75.     Defendants state that Paragraph 75 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the rest of the allegations in Paragraph 75 of the Complaint.

76.     Defendants state that Paragraph 76 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the rest of the allegations in Paragraph 76 of the Complaint.

77.     Defendants state that Paragraph 77 of the Complaint asserts legal conclusions that do not require a response.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

**COUNT IV.**

80.     Defendants repeat and reallege all paragraphs above as though fully set forth herein.

81.     Defendants state that Paragraph 81 of the Complaint asserts legal conclusions that do not require a response. Further answering, Defendants deny New York Wage Theft Prevention Act applies in this matter.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

8

83.     Defendants state that Paragraph 83 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the rest of the allegations in Paragraph 83 of the Complaint. Further answering, Defendants deny that Plaintiff and the purported class he seeks to represent are entitled to relief.

## COUNT V.

84.     Defendants repeat and reallege all paragraphs above as though fully set forth herein.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants state that Paragraph 91 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the rest of the allegations in Paragraph 91 of the Complaint.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint

## AS TO "PRAYER FOR RELIEF"

Defendants admit only that Plaintiff purports to seek judgment against Defendants for the relief referenced in the "WHEREFORE" Paragraph of the Complaint.  Except as admitted herein, Defendants deny the allegations in this "WHEREFORE" Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred because Defendants at all times acted in good faith, and all actions taken with regard to Plaintiff were taken for lawful business reasons.

## THIRD DEFENSE

Defendants have acted in good faith and have not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations and guidelines.

## FOURTH DEFENSE

Plaintiffs' claims are barred because of insufficient service of process.

## FIFTH DEFENSE

The Complaint fails to state a claim for compensatory damages.

**SIXTH DEFENSE**

Plaintiffs have failed to mitigate or otherwise act to avoid, lessen or reduce any of the damages, injury or harm of which they now complain.

**SEVENTH DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff was paid all sums which may have been due to them under the applicable laws and their corresponding regulations.

**EIGHTH DEFENSE**

Plaintiff was barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

**NINTH DEFENSE**

Defendants have met and satisfied any and all obligations to Plaintiff that arose out of and during his employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

**TENTH DEFENSE**

The claims for pre-judgment interest under the New York Labor Law are preempted by the remedies provided by the Fair Labor Standards Act.

**ELEVENTH DEFNSE**

Plaintiffs' class claims are barred, in whole or in part, because certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' right to a fair trial and to substantive and procedural due process in violation of the Fourteenth Amendment of the United States Constitution, including, without limitation, because Plaintiff is not an adequate class representative, there is no numerosity of purported class members, and there is no commonality or typicality of claims alleged in the instant lawsuit.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the individually named Defendants were not the employers of Plaintiff or any putative class members (the existence of which Defendants deny), were not the cause of Plaintiff's purported damages, and otherwise are not proper parties to this lawsuit or individually liable for the claims alleged by Plaintiffs.

**THIRTEENTH DEFENSE**

Defendants' actions regarding payroll practices and compliance with the Fair Labor Standards Act and New Jersey Wage and Hour Law were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the Fair Labor Standards Act and New Jersey Wage and Hour Law.

**FOURTEENTH DEFENSE**

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff or any putative class members (the existence of which Defendants deny), if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

**FIFTEENTH DEFENSE**

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff or any putative class members (the existence of which Defendants deny), if it is determined that such monies are owed, Plaintiff or such class members are not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiff or the class members were taken in good faith.

**SIXTEENTH DEFENSE**

The Court should not exercise subject matter jurisdiction, whether original,

pendent or supplemental jurisdiction, over Plaintiffs' non-federal claims and, consequently, should dismiss Plaintiffs' non-federal claims for lack of subject matter jurisdiction. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## SEVENTEENTH DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation. This defense may apply to the claims of some or all of the collective or class of allegedly similarly-situated persons.

## EIGHTEENTH DEFENSE

To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New Jersey State Department of Labor and Workforce Development, Defendants cannot be liable for relief or recovery. This or other statutory affirmative defense may apply to the claim of some or all of the class of alleged similarly-situated person.

## NINETEENTH DEFENSE

Plaintiff's Complaint is nor proper for treatment as a class action because, among other reasons: (1) Plaintiff is inadequate representatives of the purported class; (2) Plaintiff cannot establish commonality of claims; (3) Plaintiff cannot establish typicality of claims; (4) Plaintiff is not similarly situated to any current or former employee of Defendants; (5) the individualized nature of Plaintiff's claims renders class treatment inappropriate, and (6) the proposed class is not sufficiently numerous.

## TWENTIETH DEFENSE

Plaintiff cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

## TWENTY-FIRST DEFENSE

This action is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to each of the purported collective action members.

## TWENTY-SECOND DEFENSE

This case may not be maintained as a collective action because Plaintiff is not similarly-situated to the other individuals who he purports to represent.

## TWENTY-THIRD DEFENSE

Assuming *arguendo*, Plaintiff is entitled to recover additional compensation on behalf of himself, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff is appropriately limited thereby. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FOURTH DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

### TWENTY-SIXTH DEFENSE

The individually named defendants were not Plaintiff's employer, and as such, cannot be held liable under federal and/or state law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-SEVENTH DEFENSE

Defendants were not Plaintiff's joint employers, and as such, Plaintiff lacks standing to maintain this action against all defendants. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-EIGHTH DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-NINTH DEFENSE

Plaintiffs lack standing to be and is not an adequate representative of the putative collective action "class" and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

### THIRTHIETH DEFENSE

To the extent liability under the FLSA is established, Plaintiff's claims are subject to a two year statute of limitations pursuant to 29 U.S.C. § 255(a) as Defendants neither knew of any conduct that was prohibited by statute nor showed reckless disregard about whether it was.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Plaintiff's claims.

## **DEFENDANTS' RELIEF REQUESTED**

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request that:

A.      Plaintiffs' Complaint be dismissed with prejudice in its entirety;

B.      Judgment be entered in Defendants' favor;

C.      Defendants be awarded their costs and attorneys' fees for being forced to defend itself against Plaintiffs' claims; and

D.      The Court award Defendants such other relief as it deems just and equitable.

## **JURY TRIAL DEMAND**

Defendants request a jury trial on all issues so triable in this action.

Dated: Flushing, New York
June 1, 2022

Respectfully Submitted,

HANG & ASSOCIATES, PLLC

By: _____s/ *Ge Qu*_____
Ge Qu, Esq.
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com
*Attorneys for Defendants NEW TASTE OF NORTH CHINA INC., QIMING CAI, and JIANGUO ZHAO*

16

TO:

AARON SCHWEITZER
TROY LAW, PLLC
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney duly licensed to practice before this Court, certifies that by filing the foregoing through this Court's electronic filing system, he caused the documents to be served upon the following:

AARON SCHWEITZER
TROY LAW, PLLC
41-25 KISSENA BLVD, SUITE 119
FLUSHING, NY 11355
718-762-1324
Email: troylaw@troypllc.com
*Attorneys for Plaintiff*

Dated: Flushing, New York
June 1, 2022

HANG & ASSOCIATES, PLLC

By: _____s/ *Ge Qu*_____
Ge Qu, Esq.
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com
*Attorneys for Defendants NEW TASTE OF NORTH CHINA INC., QIMING CAI, and JIANGUO ZHAO*