UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BAO YU YANG, on his own behalf and on behalf of others similarly situated,**<br><br>       **Plaintiff,**<br><br>    v.<br><br>**TASTE OF NORTH CHINA, LTD**<br>  d/b/a Taste of North China;<br>**NEW TASTE OF NORTH CHINA INC.**<br>  d/b/a Taste of North China;<br>**NORTH CHINA RESTAURANT, INC.**<br>  d/b/a Taste of North China;<br>**YONGBIN SUN, QIMIN CAI, JIANGUO ZHAO, and "JOHN" WANG,**<br><br>       **Defendants.** | Civ. No. 19-09392 (KM) (MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

   This matter comes before the Court on a motion for partial summary judgment by defendants New Taste of North China, Inc., Qimin Cai, and Jianguo Zhao ("the moving defendants"). (DE 109.)[1] The motion seeks dismissal of two plaintiffs, Cai Xia Luan and Fang Hui Zhou, who opted into this collective action brought by named plaintiff Bao Yu Yang under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 216(b). For the reasons stated herein, the motion for partial summary judgment is **GRANTED**.

---

[1]   Certain key items from the record will be abbreviated as follows:
  DE = Docket entry number in this case
  Compl. = Amended complaint (DE 28)
  Mot. = Brief in support of motion for partial summary judgment (DE 112)
  Opp. = Brief in opposition to motion for partial summary judgment (DE 115)
  Aff. = Affidavit of Aaron Schweitzer (DE 114)

1

I. **Background**

The facts, whether regarded as disputed or undisputed, are few.[2] The procedural history of the case provides the necessary background.

Yang commenced this action on April 8, 2019. (DE 1.) The complaint alleges that the defendant restaurants, via the defendant owners/operators, failed to pay Yang, an employee, overtime compensation and minimum wage for each hour worked. (Compl. ¶¶40-52.) The complaint raises claims under the FLSA and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. 34:11-66a *et seq*. The FLSA claims are brought on behalf of all other non-exempt employees who were employed by the defendants in the three years prior to the filing of the complaint and who were not compensated as promised (the collective), while the NJWHL claims are brought pursuant to Fed. R. Civ. P. 23 on behalf of all other non-exempt employees who were employed by the defendants in the two years prior to the filing of the complaint and were not compensated as promised (the class). (Compl. ¶¶53-54.)

In June 2020, Yang moved to conditionally certify the collective action under the FLSA. (DE 41.) The Court granted that motion in September 2020 and ordered the defendants to produce a spreadsheet containing information on all of their current and former non-exempt employees employed in the three years prior to the filing of the complaint. (DE 48.) On November 17, 2020, Cai Xia Luan and Fang Hui Zhou executed consent forms to join the lawsuit as opt-in plaintiffs. (DE 51, 52.) They designated Troy Law, PLLC, which was already counsel for Yang, to represent them. (DE 51, 52.)

On January 28, 2021, Aaron Schweitzer of Troy Law, PLLC filed a letter with the Court requesting that a conference be held to discuss some "troubling issues" concerning the two opt-in plaintiffs. (DE 53.) According to the letter, plaintiff's counsel learned from opt-in plaintiff Zhou that the defendants "had reached out to Opt-in Plaintiffs to settle the matter under the table without the

---

[2] The only arguably relevant fact is that the names of both opt-in plaintiffs appear on an "Employee List" spreadsheet produced by the defendants. (Aff. Ex. 12).

2

Court's intervention." (*Id.*) When counsel advised Zhou against pursuing an under-the-table settlement, Zhou stated that "he intends to substitute Troy Law, PLLC and will have his attorney contact the Undersigned office." (*Id.*)

On February 23, 2021, the Court received a letter from the opt-in plaintiffs stating the following:

> We are Cai Xia Luan and Fang Hui Zhou, opt-in Plaintiffs in 2:19-cv-09392-KM-MAH. We are no longer represented by an attorney. We have let go of my previous attorney, Troy Law, because we no longer want to be involved in this matter. Troy Law did not allow us to withdraw from this case or settle with Defendants. Rather, Troy Law threatened us. Therefore, we no longer want to be represented by Troy and want to appear pro se. They ignored our requests repeatedly and we feel extremely uncomfortable. We are writing to respectfully ask your Court to dismiss us from this case and therefore dropping out of the case. I no longer want to pursue the case. If you have any questions, feel free to contact me. Thank you.

(DE 56.)

Following receipt of this letter, the Court issued an order providing that any party objecting to the withdrawal of the opt-in plaintiffs from the case, or to the cessation of representation by Troy Law, PLLC, "shall file any such objection by May 3, 2021. Any such objection shall specifically explain (1) the basis of the objection, and (2) provide citations to any legal authority to support the objection." (DE 58.)

No objections were filed. By order dated May 13, 2021, the Court directed either that the parties file a consent order dismissing Luan and Zhou from the matter, or that the defendants file an appropriate motion to dismiss them. (DE 61.) The moving defendants filed such a motion on May 30. (DE 64.)

A telephone conference was held to discuss the motion to dismiss and unrelated discovery disputes on November 23, 2021. (DE 92.) Thereafter, the Court issued an order permitting the parties to depose Luan and Zhou on or before January 14, 2022. (*Id.*) The order also permitted Yang to subpoena

3

defendant Qimin Cai's accountant to obtain class and financial information. (*Id.*)

In light of this discovery authorization, the Court denied the motion to dismiss "with leave to re-file the motion as a summary judgment motion once that discovery is complete." (*Id.*) The record indicates, however, that the requested discovery was never obtained. According to the affidavit of Schweitzer, which Yang submitted in opposition to the summary judgment motion, Yang served subpoenas on Luan, Zhou, and an associate of Cai's accountant, but none of the subpoenaed individuals produced documents or submitted themselves to deposition. (Aff. ¶5, Ex. 14, 15, 16, 17, 18, 19.)

The moving defendants filed their partial summary judgment motion, now before the Court, on June 10, 2022. (DE 109.)

## II.    Legal standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 247–48, (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). A fact is "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

To demonstrate the existence of a genuine issue, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Likewise, "unsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). Rather, a party must present evidence sufficient to create a triable issue. *Anderson,* 477 U.S. at 248–49. By evidence, the Rule means "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

4

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### III. Discussion

"The FLSA establishes a federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 123 (3d Cir. 2018) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). "Under § 216(b), the so-called collective action provision of the FLSA, employees may 'bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA.'" *Reinig, supra* (quoting *Genesis, supra*).

"Courts in our Circuit follow a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). First, the district court must "conditionally" certify the collective, which requires a named plaintiff to "demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016). "Once a district court grants conditional certification, putative class members are provided an opportunity to opt into the case pursuant to § 216(b)." *Reinig*, 912 F.3d at 123. The second step occurs after discovery, at which point the record has sufficiently developed and the court is able to determine whether each opt-in plaintiff is in fact similarly situated to the named plaintiff. *Camesi, supra* (citation omitted).

The opt-in requirement differentiates collective actions brought under the FLSA from class actions brought pursuant to Fed. R. Civ. P. 23. *Halle*, 842 F.3d at 225. "This difference means that every plaintiff who opts in to a collective action has a party status, whereas unnamed class members in Rule 23 class actions do not." *Id.* (citation omitted). In a FLSA collective action, opt-in plaintiffs remain parties unless and until the district court determines that they are not similarly situated and dismisses them. *Mickles v. Country Club*

*Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018).

"Although the FLSA provides a mechanism to join the collective action, it does not explicitly 'provide a method whereby an opt-in plaintiff may unilaterally withdraw once they have joined the litigation.'" *Duke v. Harvest Hosps., Inc.*, No. 2:20-CV-00865-CCW, 2021 WL 4245089, at *2 (W.D. Pa. Sept. 17, 2021) (quoting *Mancuso v. Fla. Metro. Univ., Inc.*, No. 09-61984-CIV-COHN/SELTZER, 2010 WL 11549395 at *1 (S.D. Fl. Sept. 17, 2010)). Courts have recognized, however, that "simply withdrawing the consent forms of opt-in plaintiffs does not automatically dismiss their claims." *Reyes v. Texas EZPawn, L.P.*, Civil Action No. V-03-128, 2006 WL 3513936 at *1 (S.D. Tex. Dec. 6, 2006). *See Mancuso, supra.* Rather, courts have generally applied the standards for voluntary dismissal set forth in Fed. R. Civ. P. 41(a). *See Duke, supra*; *Mancuso, supra*; *Reyes, supra*.

Under Rule 41(a), claims may be voluntarily dismissed without a court order if the parties stipulate to the dismissal or the plaintiff files a notice of dismissal before the opposing party serves either an answer or a summary judgment motion. Fed. R. Civ. P. 41(a)(1)(A). If neither occurs, dismissal may be authorized "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Third Circuit has instructed that a district court should grant a requested dismissal unless doing so would subject the defendant to prejudice "other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990).

Turning to the matter at hand, I will construe the letter drafted by Luan and Zhou, facially *pro se*, as a request for dismissal under Rule 41. *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (noting the "time-honored practice of construing pro se plaintiffs' pleadings liberally"). The letter was received by the Court in February 2021—long after the moving defendants had answered the complaint in July 2019. (DE 12, 56.) A stipulation of dismissal also has not been filed. Pursuant to Rule 41(a)(2), then, dismissal of Luan and

Zhou must be by order of the Court.

This case presents an odd scenario. The defendants seek dismissal of the opt-in plaintiffs, who have unequivocally stated their desire to withdraw. The named plaintiff opposes their dismissal. More commonly, it would be the defendants, not co-plaintiffs, who might oppose a without-prejudice dismissal under Rule 41(a)(2). *See Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-09333 (ALC)(SN), 2015 WL 13745760, at *8, at *231 (S.D.N.Y. 2015) ("dismissal without prejudice is the norm under Rule 41(a)(2)"). Indeed, "[t]he purpose of the grant of discretion under Rule 41(a)(2) . . . is primarily to prevent voluntary dismissals which unfairly affect *the other side.*" *Dodge-Regupol, Inc. v. RB Rubber Prod., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (quoting *Charles A. Wright & Arthur R. Miller*, 9 Fed. Prac. & Proc. Civ. 2d § 2364 n. 19; emphasis added). Hence, "[c]ourts in this District consider multiple factors when deciding a voluntary dismissal motion under Rule 41(a)(2), including '(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss.'" *Mason v. Johnson & Johnson Consumer Inc.*, No. CV2110222MASLHG, 2022 WL 605717, at *2 (D.N.J. Mar. 1, 2022) (quoting *Shamrock Creek, LLC. v. Borough of Paramus*, No. 12-2716, 2015 WL 3902307, at *2 (D.N.J. June 23, 2015)).

I apply those factors, adapting them to the unusual procedural posture, and conclude that they weigh in favor of dismissal. The opt-in plaintiffs diligently drafted their letter seeking dismissal just one month after their consent forms to join the lawsuit were filed with the Court. (DE 51, 52, 53.) There is no indication that the case progressed significantly in that time period, or that dismissal will interfere with the progress of the matter moving forward. In addition, neither the defendants nor named plaintiff Yang have incurred expenses from discovery related to the opt-in plaintiffs, as no such discovery has occurred. Given that the defendants themselves seek dismissal, it is

7

evident that dismissal would not prejudice them in any manner.

Yang argues that the motion to withdraw should nevertheless be denied, because discovery requests regarding the opt-in plaintiffs remain outstanding. (Opp. 4-5.) The deadline to depose the opt-in plaintiffs has long expired, however. (*See* DE 92 (Order permitting the parties to depose Luan and Zhou until January 14, 2022)). It is true that the opt-in plaintiffs failed to appear in response to a deposition subpoena, but Yang took no steps to enforce the subpoena in the year that has elapsed since that deadline. *See* Fed. R. Civ. P. 45(g) (authorizing a district court to hold in contempt "any person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.") The same goes for the documents containing class and financial information that Yang subpoenaed from defendant Cai's accountant; Yang notes that the Court did not set a time limit on that discovery, but the subpoena was issued in March 2022, no documents have been produced, and Yang has not sought to enforce the subpoena. (Aff. ¶5, Ex. 16.) That Yang has not obtained the requested discovery is therefore not a reason to deny summary judgment.

Yang's more substantial argument is that the Court cannot dismiss the opt-in plaintiffs without inquiring into whether an under-the-table settlement was reached and if so, whether that settlement is fair. (Opp. 8-12.) As Yang emphasizes, a settlement of FLSA claims requires judicial approval. *Clarke v. Flik Int'l Corp.*, No. CV 17-1915 (SRC), 2020 WL 747067, at *1 (D.N.J. Feb. 14, 2020) ("Although Third Circuit precedent is silent on the matter of judicial approval of FLSA settlements, district courts in this jurisdiction abide by the principle that settlement of collective action FLSA claims under 29 U.S.C. § 216(b) requires court approval.") Courts in this Circuit have followed the guidance set forth by the Eleventh Circuit that "to approve a settlement under FLSA § 216(b), a district court must determine that the matter concerns a bona fide dispute and that the settlement is a 'fair and reasonable resolution' of the FLSA claims." *Clarke, supra* (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S.*

8

*Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

The problem with this argument is that there is no evidence in the record sufficient to create a "bona fide dispute" as to whether any settlement was reached between the defendants and the opt-in plaintiffs. *Cf. Seck v. Dipna Rx, Inc.*, No. 16-CV-7262 (PKC), 2017 WL 1906887, at *2, 4 (S.D.N.Y. May 8, 2017) (vacating earlier order approving voluntary dismissal of FLSA claim without prejudice in light of evidence of a "hidden settlement agreement" whereby plaintiff forfeited right to reassert claim). Despite Yang's insistence that "[t]here is a strong likelihood that there has been an under-the-table settlement and Zhou and Luan are attempting an end-run around fairness review," (Opp. 11) Yang has cited no evidence to that effect. Nor, for the reasons expressed above, has he demonstrated due diligence in pursuing such evidence. The record demonstrates only that Zhou and Luan decided not to move forward with pursuing their FLSA claim at this time. Given the absence of record support for his contention that an under-the-table settlement was reached, Yang has not created a "genuine" factual issue sufficient to defeat the partial summary judgment motion. *See Matsushita*, 475 U.S. at 586.[3]

Finally, Yang argues that if the opt-in plaintiffs are dismissed from the case, any such dismissal should be without prejudice. I agree, and it does not appear that the moving defendants oppose that request. (Mot. 8.) Consequently, this dismissal would not independently bar opt-in plaintiffs from

---

[3] Yang also argues that a summary judgment motion is not a proper vehicle to dismiss the opt-in plaintiffs from the case and that the moving defendants should have filed a motion to decertify the collective or a stipulation of dismissal instead. (Opp. 5.) However, the Court explicitly granted the defendants leave to re-file their motion to dismiss the opt-in plaintiffs as a summary judgment motion in light of the discovery that had been requested. (DE 92.) Employment of the summary judgment standard is a useful means of determining whether there are contested factual issues that would bar the requested relief.

At any rate, a motion to decertify the collective would not have been a convenient vehicle to contest these parties' withdrawal. The moving defendants are not arguing, for example, that Zhou and Luan are not similarly situated to Yang. As for a stipulation of dismissal, that would have required Yang's consent to the withdrawal of the opt-in plaintiffs, which he has not given. (Opp. 6.)

9

pursuing any otherwise appropriate FLSA claim.

### IV. Conclusion

The motion for partial summary judgment (DE 109) is **GRANTED.** Plaintiffs Cai Xia Luan and Fang Hui Zhou are dismissed from the matter without prejudice to the reassertion of their FLSA claim. An appropriate order will issue.

Dated: January 6, 2023

/s/ Kevin McNulty
_____
**KEVIN MCNULTY**
**United States District Judge**